**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Robert K. Murphey, Jr.** **Court File No.: 01-10 DSD/JMM**

**Plaintiff,**

vs.

**The City of Minneapolis,**

**Defendant.**

**STIPULATION REGARDING NONDISCLOSURE OF CERTAIN INFORMATION AND PROTECTIVE ORDER**

---

WHEREAS, the parties to the above-captioned action desire to expedite and facilitate the discovery process in this action; and

WHEREAS, discovery in the above-entitled action will involve confidential or private personnel information maintained by the Defendant;

IT IS HEREBY ORDERED, upon consent of the parties:

1. That any and all information discovered during the course of this litigation which is contained in records, documents, or other data maintained by the City of Minneapolis which contains private or confidential data, as those terms are defined by Minnesota Statutes, Chapter 13, shall be subject to the terms of this Stipulation and Protective Order. The following documents are not public documents:

- Any documents in Plaintiff's workers' compensation file that relate to other City employees.
- Any documents in Mary Page's file that relate to other City employees.
- Bate Stamped Numbers 04133 through 04345. Information regarding other employees selected for the Engineering Aide I position.

FILED MAY 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

- Bate Stamped Numbers 04427 through 04479 related to other employees selected for the Engineering Aide I position.
- Any and all records pertaining to the Plaintiff's physical or emotional condition.

2. That the terms of this Stipulation and Protective Order are as follows:

a. The above-described information shall not be given, shown, made available or communicated in any way to anyone other than:

    i. The Court (subject to the provisions of subparagraphs b and f);

    ii. Plaintiff, Defendant, counsel to the parties to the action and paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

    iii. Court reporters employed in connection with any deposition in the action; and;

    iv. Other persons to whom the parties have agreed. Such agreement must be made in writing.

b. If private or confidential materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

c. Nothing contained in this Order shall preclude a party from showing any private or confidential materials or disclosing information derived therefrom to any actual or potential third party witness, either at a deposition or a trial, provided that:

    i. If such disclosure is at a deposition, only persons to whom disclosure is allowed may be present, except for counsel for the witness.

ii. The actual or potential witness may not be given a copy of any confidential or private materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Stipulation and Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph a of the Stipulation and Order requiring that private and confidential materials be held in confidence, and shall not disclose the private or confidential materials or any information derived from them to anyone who is not allowed access to the information under this Stipulation and Order.

d. In the event that any private or confidential materials or information derived therefrom are used in a court proceeding herein, such documents or information shall not lose their private or confidential status through such use.

e. Nothing herein shall be construed to affect in any way either party's rights to object to the admissibility of any document, testimony, or other evidence at trial.

f. Nothing in this Stipulation and Order shall be construed to limit the use or disclosure of any of the documents referred to above or any information derived therefrom at or during any deposition, hearing or proceeding in this matter, except as provided in this paragraph. Any information and documents covered by this Stipulation and Order which are revealed by or included in any discovery proceedings (whether formal or informal, and whether in the form of depositions, transcripts, interrogatory answers, document production or otherwise) or in any motions, pleadings, affidavits, briefs, memoranda or other papers filed or

submitted to the Court shall be subject to this Stipulation and Order. The Clerk of Court shall maintain under seal all such information and/or documents or the portion of the deposition transcript, motion, hearing, or other transcripts, interrogatory answers, or other materials containing such information and/or documents to be made available only to the Court and to counsel for the parties in this litigation until further Order of the Court.

g. Prior to the trial of this matter, counsel for both parties shall seek to reach agreement on the handling of information and documents at trial which are covered by this Stipulation and Order so as to provide protection against public disclosure without in any way infringing on the rights of the parties, or, if no agreement can be reached, shall submit proposals to the Court for its consideration.

h. There shall be no reproduction whatsoever of the documents referred to above, except that which is required in preparation for trial, motions, depositions, or any other proceeding relating to the instant litigation. Copies, excerpts or summaries may only be shown or given to those authorized to receive such information pursuant to this Stipulation and Order.

i. Plaintiff's counsel, experts, and all others who have had access to any information and/or documents pursuant to this Stipulation and Order, shall return the documents referred to above, including all copies, excerpts or summaries thereof, to Defendant's counsel within 30 days of the final termination of this action, including all appeals. However, Plaintiff may keep copies of his own personal medical documents, PERA information, and employment records.

j. That this Order is without prejudice to the right of any party to apply to the Court for modification of this Order with respect to any specific material or any provision herein, to apply for an Order compelling the production of documents or disclosure of other discovery or to seek additional or further Protective Orders from the Court.

k. Notwithstanding anything to the contrary, Plaintiff still maintains his ability to copy and disclose to others his own personal medical documents, PERA information, and employment records.

Dated: 5/9/01

JAMES G. RYAN
Attorney at Law
Attorney Reg. No. 155962
4421 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 338-3872

Attorney for Plaintiff

Dated: 5/10/01

MINNEAPOLIS CITY ATTORNEY
Jay M. Heffern
City Attorney

By

CAROLINE M. BACHUN
Assistant City Attorney
Attorney Reg. No. 024370X
333 South Seventh Street, Suite 300
Minneapolis, MN 55402
(612) 673-2754

Attorneys for Defendant

PROTECTIVE ORDER

SO ORDERED.

BY THE COURT:

Dated: 5/16/01

~~DAVID S. DOTY~~ John M. Mason
~~District Court~~ Judge
Mag. Judge

CMB:sk/00L-0385

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.