UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - -

Robert K. Murphey, Jr.,

Plaintiff,

vs.

City of Minneapolis,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - -

Civil File No. 01-10 (JNE/JGL)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORM (Original)**

Attached are the plaintiff's proposed jury instructions. All but a few are either verbatim recitations or slightly modified versions of the relevant instructions in the *Eighth Circuit Manual of Model Jury Instructions – Civil* (April, 2001). For each Model Instruction, the Eighth Circuit number appears at the top of each page. For those instructions not taken from that Manual, the supporting legal authorities appear beneath the instruction. The Special Verdict Form appears at the end.

Respectfully submitted,

Dated: March 25, 2005

*/s/ James G. Ryan*
James G. Ryan
Attorney Reg. No. 155962
820 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 338-3872
Attorney for Plaintiff

## 1.01 GENERAL: NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY; CAUTIONARY

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a civil case brought by the plaintiff Robert K. Murphey against the defendant City of Minneapolis. The plaintiff alleges that the defendant terminated his employment based on disability, or a disability it perceived him to have. He also alleges that the defendant failed to interact with him in good faith. The defendant denyies those allegations. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendant.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

## 1.02 EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3 . Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4 . Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

## 1.03 BENCH CONFERENCES AND RECESSES

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

**1.04 NO TRANSCRIPT AVAILABLE [NOTE-TAKING]**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them in your chairs in the jury box.

When you leave at night, your notes will be secured and not read by anyone.

## 1.05 CONDUCT OF THE JURY

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

## 1.06 OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the plaintiffs's attorney may make an opening statement. Next, the defendants's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for defendants may cross-examine. Following the plaintiff's case, the defendant may present evidence and plaintiffs's counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

**2.01 DUTIES OF JURY: RECESSES**

We are about to take a recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

## 3.01 EXPLANATORY

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important.

The instructions I am about to give you now are in writing and will be available to you in the jury room.

**Instructions for Use at Close of Trial**

**3.02 JUDGE'S OPINION**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

**Instructions for Use at Close of Trial**

**3.03 CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**Instructions for Use at Close of Trial**

**3.04 BURDEN OF PROOF**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**Instructions for Use at Close of Trial**

**ADA – DEFINITION OF DISABILITY**

The plaintiff had a "disability" if at least one of the following is true:

**Actual Impairment.** The plaintiff had a physical or mental impairment that substantially limited one or more of his major life activities; or

**Record of Impairment.** He had a record of such an impairment; or

**Perceived as Impaired.** The defendant regarded him as having such an impairment.

A major life activity includes any one or more of the following: walking, sitting, standing, lifting, reaching, working, or performing manual tasks.

An impairment is "substantially limiting" if it renders an individual unable to perform a major life activity that the average person in the general population can perform, or if it significantly restricts the condition, manner, or duration under which an individual can perform a particular major life activity as compared to an average person in the general population.

**Authority:**

42 U.S.C. §12102 (2) (**ADA definition of "disability")**

29 C.F.R. §1630.2(i); *Helfter v. United Parcel Serv., Inc.*, 115 F.3d 613, 616 (8th Cir. 1997) (**definition of "major life activities"**); *see also* this Court's Order of November 23, 2004, 2004 WL 2713260 at *3.

29 C.F.R. §1630.2(j)(1)(i)-(ii) (**definition of "substantially limiting"**); *see also* this Court's Order mentioned above, also at "3.

**Instructions for Use at Close of Trial**

**5.51A ADA - DISCRIMINATORY DISCHARGE - ESSENTIAL ELEMENTS**

**(FIRST CLAIM)**

The plaintiff's first claim is one for discharge based on disability. Your verdict on this claim must be for plaintiff and against defendant if all of the following elements have been proved by the greater weight of the evidence:

First, plaintiff had a disability as defined above; and

Second, the defendant discharged plaintiff; and

Third, plaintiff could have, with or without reasonable accommodation, performed the essential functions of either the Engineering Aide I position he was performing at the time he was discharged or the essential functions of another laborer position with the City; and

Fourth, plaintiff's disability was a motivating factor in defendant's decision to discharge him.

If any of the above elements has not been proved by the greater weight of the evidence, then your verdict must be for defendant on this claim.

**Additional Authority:**

**For the third element – ADA definition of "qualified individual with a disability"**

> The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual *holds or desires*. (42 U.S.C. §12111[8]; emphasis added.)

**Instructions for Use at Close of Trial**

## 5.96 DEFINITION OF MOTIVATING FACTOR

As used in these instructions, plaintiff's disability was a "motivating factor," if plaintiff's disability played a role in the defendant's decision to discharge plaintiff. However, plaintiff's disability need not have been the only reason for defendant's decision to discharge plaintiff.

**Instructions for Use at Close of Trial**

**5.51C ADA - REASONABLE ACCOMMODATION**

**(SECOND CLAIM)**

The plaintiff's second claim is for a failure to provide reasonable accommodation to his disability. Your verdict must be for plaintiff and against defendant if all of the following elements have been proved by the greater weight of the evidence:

First, plaintiff had a disability as defined above; and

Second, defendant knew of plaintiff's disability; and

Third, plaintiff could have performed the essential functions of the Engineering Aide I position if the defendant had suspended the running of the 120-day job bank period on October 15, 1999 as the plaintiff believed it had, and allowed him to acquire the additional training, if any, the defendant contends the plaintiff needed; and

Fourth, providing these accommodations would have been reasonable; and

Fifth, defendant failed to provide these accommodations.

If any of the above elements has not been proved by the greater weight of the evidence then your verdict must be for defendant on this claim.

**Additional Authority:**

**29 C.F.R. §1630.2**

(o) **Reasonable accommodation.**

(1) The term reasonable accommodation means:

(i) Modifications or adjustments to *a job application process* that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires; or

**Instructions for Use at Close of Trial**

(ii) Modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position; or

(iii) . . .

(2) Reasonable accommodation may include but is not limited to:

(i) . . .

(ii) Job restructuring; part-time or modified work schedules; reassignment to a vacant position; . . . ; *appropriate adjustment or modifications of* examinations, training materials, or *policies*; . . . ; and other similar accommodations for individuals with disabilities.

(Emphasis added.)

**Instructions for Use at Close of Trial**

**5.52B ESSENTIAL FUNCTIONS**

The term "essential functions" means the fundamental job duties of the employment position the plaintiff held at the time of his discharge. The term "essential functions" does not include the marginal functions of the position.

**Instructions for Use at Close of Trial**

**ADA – FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN GOOD FAITH (THIRD CLAIM)**

The plaintiff's third claim is for a failure by the defendant to participate in good faith in an interactive process to accommodate his actual or perceived disability. Your verdict must be for plaintiff and against defendant if all of the following elements have been proved by the greater weight of the evidence:

First, plaintiff had a disability; and

Second, defendant knew about the plaintiff's disability; and

Third, plaintiff requested accommodation or assistance for his or her disability; and

Fourth, defendant did not make a good faith effort to assist the plaintiff in seeking accommodation; and

Fifth, the plaintiff could have been reasonably accommodated but for the defendant's lack of good faith.

**Authority:**

*Cravens v. Blue Cross and Blue Shield of Kansas*, 214 F.3d 1011, 1021 (8th Cir. 2000)

> To establish that an employer failed to participate in an interactive process, a disabled employee must show: (1) the employer knew about the employee's disability; (2) the employee requested accommodation or assistance for his or her disability; (3) the employer did not make a good faith effort to assist the employee in seeking accommodation; and (4) the employee could have been reasonably accommodated but for the employer's lack of good faith.

*Id.* at 1021.

**Instructions for Use at Close of Trial**

**5.54 ACTUAL DAMAGES**

If you find in favor of plaintiff on any one or more of his three claims, then you must award plaintiff such sum as you find by the greater weight the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained as a direct result of his discharge. Plaintiff's claim for damages includes three distinct types of damages and you must consider them separately.

*First*, you must determine the amount of any wages and fringe benefits plaintiff would have earned in his employment with defendant if he had not been discharged on November 3, 1999 through the date of your verdict, *minus* the amount of earnings and benefits that plaintiff received from other employment during that time.

*Second*, you must determine the amount of any emotional distress sustained by plaintiff. Emotional distress includes past and future emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that plaintiff has a duty under the law to "mitigate" his damages--that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if you find by the greater weight of the evidence that the defendant has proven that plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

**Authority:**

In addition to 5.54, see 42 U.S.C. §1981a(b)(3).

## 3.06 ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. I will read that form to you shortly. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

## 5. EMPLOYMENT CASES - ELEMENT AND DAMAGE INSTRUCTIONS
## 5.05 TITLE VII - DISPARATE TREATMENT - VERDICT FORM

VERDICT

**Note:** Complete the following paragraph by writing in the name required by your verdict.

**1. First Claim.** On the plaintiff's first claim for discriminatory discharge as described in Instruction ____, we find in favor of:

______________________________________________________________

(Plaintiff Robert Murphey) or (Defendant City of Minneapolis)

**Note:** Answer the next question only if the your finding in No. 1 is in favor of plaintiff. If your answer to No. 1 is in favor of the defendant, proceed to No. 2.

**1a.** Would the defendant have discharged plaintiff at the time it did regardless of his disability?

______Yes _______No
(Mark an "X" in the appropriate space)

**2. Second Claim.** On the plaintiff's second claim for failure to provide reasonable accommodation as described in Instruction ____, we find in favor of:

______________________________________________________________

(Plaintiff Robert Murphey) or (Defendant City of Minneapolis)

**Note:** Answer the next question only if the your finding in No. 2 is in favor of plaintiff. If your answer to No. 2 is in favor of the defendant, proceed to No. 3.

**2a.** Would the defendant have discharged plaintiff at the time it did regardless of its failure to provide reasonable accommodation?

______Yes _______No
(Mark an "X" in the appropriate space)

**Employment Cases -- Element and Damage Instructions**

**3. Third Claim.** On the plaintiff's claim of failure to engage in an interactive process in good faith we find in favor of:

______________________________________________________________

(Plaintiff Robert Murphey) or (Defendant City of Minneapolis)

**3a.** Would the defendant have discharged plaintiff at the time it did regardless of its failure to engage in the interactive process in good faith?

______Yes ______No
(Mark an "X" in the appropriate space)

**Note:** If you answer "no" to No. 1a, or No. 2a, or No. 3a, above, then complete the following items. On the other hand, if you answer "yes" to all three of those items, have your foreperson sign and date this form because you have completed your deliberations on this claim.

We find plaintiff's lost wages and benefits through the date of this verdict to be:

$_________ (stating the amount or, if none, write the word "none").

We find plaintiff's other damages, excluding lost wages and benefits, but including damages for emotional distress, to be:

$_________ (stating the amount [or, if you find that plaintiff's damages do not have a monetary value, write in the nominal amount of One Dollar ($1.00)]).

______________________________________
Foreperson

Dated: _________________________