UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - -

Robert K. Murphey, Jr.,

Plaintiff,

vs.

City of Minneapolis,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - -

Civil File No. 01-10 (JNE/JGL)

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

## INTRODUCTION

This case is second on the trial calendar beginning April 5, 2005.

The plaintiff believes the defense intends to offer evidence concerning various disability and worker's-compensation payments the plaintiff received. The plaintiff received disability benefits from (a) a private disability policy from U.S. Life, and (b) PERA, both before and after he was terminated by the City on November 3, 1999. In addition, on November 14, 2003, Murphey was placed on a "service-connected" disability by the Veteran's Administration. The VA's decision was made retroactive to September 1, 2001. In addition, Murphey received worker's-compensation benefits at various times during and after his discharge related to his on-the-job injuries.

None of these payments or the fact that they were received are admissible.

## ARGUMENT

The law in the Eighth Circuit is as follows:

> It is fundamental that "an employer can not set up in mitigation of damages in a tort action by an injured employee indemnity from a collateral source, such as insurance or compensation or benefits under a Workmen's Compensation Act, even where the defendant contributed to the fund."

*Gaworski v. ITT Commercial Finance Corp.*, 17 F.3d 1104, 1112 (8th Cir. 1994), *cert. denied*, 513 U.S. 946 (holding that – as a matter of law as opposed to judicial discretion – unemployment benefits are not deducted from back pay in an age-discrimination case under the ADEA [*quoting Chicago Great W. Ry. v. Peeler*, 140 F.2d 865, 868 {8th Cir. 1944}]). As the Gaworski court noted, "This 'collateral source rule' has a long pedigree, but it remains applicable and gains significance in the context of employment discrimination claims." (*Id.* [citation omitted]) This principle applies to cases under the ADA as well. *Salitros v. Chrysler Corp.*, 306 F.2d 562, 573-74 (8th Cir. 2002) (holding that worker's-compensation, social-security, and disability payments received by the plaintiff were properly not deducted from a front-pay award under the ADA).

Placing before the jury the fact that Murphey received worker's-compensation and disability benefits and the amounts he received is thus irrelevant to any issue being litigated (*see* Fed.R.Evid. 402 ["Evidence which is not relevant is not admissible"]) and, even if it were, would be unfairly prejudical and tend to mislead and confuse the jury (*see* Fed.R.Evid. 403). The evidence may not be received.

**CONCLUSION**

Based upon the entire record in this proceeding, including the foregoing points and authorities, the plaintiff respectfully requests that his motion in limine be granted.

JAMES G. RYAN
Attorney for Plaintiff

Dated: March 25, 2005

*/s/ James G. Ryan*
James G. Ryan
Attorney Reg. No. 155962
820 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 338-3872