**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Robert K. Murphey, Jr.,**

**Plaintiff,**

**vs.**

**City of Minneapolis,**

**Defendant.**

**Case No.: 01-10 JNE/JGL**

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS**

---

Defendant City of Minneapolis (hereinafter "Defendant") respectfully request that the Court give the following jury instructions, in addition to the standard jury instructions relating to the functions of the Court and the jury.

Dated: March 25, 2005

JAY M. HEFFERN
City Attorney
By

s/Caroline M. Bachun
CAROLINE M. BACHUN
Assistant City Attorney
Attorney Reg. No.024370X
Attorneys for Defendant
333 South Seventh Street, Suite 300
Minneapolis, MN 55402-2453
(612) 673-2754

## DEFENDANT'S REQUESTED INSTRUCTION NO. 1

## DISCRIMINATION

The ADA defines discrimination as follows:

(1) limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;

(2) participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter (such relationship includes a relationship with an employment or referral agency, labor union, an organization providing fringe benefits to an employee of the covered entity, or an organization providing training and apprenticeship programs);

(3) utilizing standards, criteria, or methods of administration--

(A) that have the effect of discrimination on the basis of disability; or

(B) that perpetuate the discrimination of others who are subject to common administrative control;

(4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association;

(5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant;

(6) using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity; and

(7) failing to select and administer tests concerning employment in the most effective manner to ensure that, when such test is administered to a job applicant or employee who has a disability that impairs sensory, manual, or speaking skills, such test results accurately reflect the skills, aptitude, or whatever other factor of such applicant or employee that such test purports to measure, rather than reflecting the impaired sensory, manual, or speaking skills of such employee or applicant (except where such skills are the factors that the test purports to measure.)

Federal Jury and Practice Instructions, 5th Ed. § 172.32.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 2**

**NATURE OF THE ACTION – REASONABLE ACCOMMODATION**

Under the ADA, it is unlawful for an employer to discharge or otherwise discriminate against an employee because of that employee's disability if the employee is qualified to do the job with a reasonable accommodation by the employer of the employee's disability.

Plaintiff Robert Murphey claims that defendant City of Minneapolis discriminated against plaintiff Robert Murphey by terminating plaintiff's employment because plaintiff Robert Murphey had a "disability" as defined by the of the Federal Americans with Disabilities Act (the ADA). Plaintiff Robert Murphey claims that he is qualified to do the Engineering Aide I job or other jobs with a reasonable accommodation by defendant City of Minneapolis of plaintiff's disability.

Defendant City of Minneapolis denies that it discriminated against plaintiff Robert Murphey in any way.

Federal Jury and Practice Instructions, 5th Ed. § 172.02, modified based on a typographical error in the instruction.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 3**

**REASONABLE ACCOMMODATION**

Under the ADA, it is unlawful for an employer to discharge or otherwise discriminate against an employee because of that employee's disability if the employee is qualified to do the job with a reasonable accommodation by the employer of the employee's disability.

Federal Jury and Practice Instructions, 5th Ed. § 172.12.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 4**

**REASONABLE ACCOMMODATION**

In order to prevail on this claim plaintiff Robert Murphey must prove each of the following facts by a preponderance of the evidence:

First: That plaintiff Robert Murphey had a "disability," as hereafter defined;

Second: That plaintiff Robert Murphey was a "qualified individual," as hereafter defined;

Third: That plaintiff Robert Murphey was discharged from employment by defendant City of Minneapolis; and

Fourth: That plaintiff's disability was a substantial or motivating factor that prompted defendant City of Minneapolis to take that action.

Plaintiff Robert Murphey contends that defendant City of Minneapolis should have reasonably accommodated plaintiff Robert Murphey by reassigning plaintiff Robert Murphey to another position. Reassignment may constitute a reasonable accommodation under certain circumstances, but defendant City of Minneapolis is not required to create or re-establish a job where one would otherwise not exist. In addition, defendant City of Minneapolis is not required to promote an employee with a disability as an accommodation.

To show that lateral reassignment to another job would have been a reasonable accommodation, plaintiff Robert Murphey must prove that the job was vacant or available and that plaintiff Robert Murphey was qualified for the vacant job to which plaintiff Robert Murphey requested reassignment.

The fact that defendant City of Minneapolis may have offered certain accommodations to plaintiff Robert Murphey, in the past, as a temporary experiment or as an act of compassion

toward the employee does not mean that the same accommodations must be forever extended to plaintiff Robert Murphey as a matter of law, or that those accommodations are necessarily reasonable under the ADA. Otherwise, an employer would be reluctant to offer benefits or concessions to disabled employees for fear that, by once providing the benefit or concession, the employer would forever be required to provide that accommodation.

The fact that an accommodation that plaintiff Robert Murphey argues for has been provided by defendant City of Minneapolis in the past to plaintiff Robert Murphey, or to another disabled employee, does not necessarily mean that the particular accommodation is a reasonable one. Instead, you must determine its reasonableness under all the evidence in the case.

Federal Jury and Practice Instructions, 5th Ed. § 172.21.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 5**

**DISABILITY**

The term "disability" means:

A physical or mental impairment that substantially limits one of the major activities of life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working.

The determination of whether plaintiff Robert Murphey is disabled must be made with reference to measures that mitigate plaintiff's alleged impairment, including medication.

Federal Jury and Practice Instructions, 5th Ed. § 172.30.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 6**

**QUALIFIED INDIVIDUAL WITH A DISABILITY**

The term "qualified individual with a disability" means an individual with a disability who: (1) can perform the essential functions of the employment position that plaintiff Robert Murphey holds or for which plaintiff Robert Murphey has applied; and (2) is otherwise qualified for the position. You should give consideration to, but are not bound by, defendant City of Minneapolis' judgment as to what functions of a job are essential.

Federal Jury and Practice Instructions, 5th Ed. § 172.31, modified.
Modern Federal Jury Instructions, Sand, Siffert, Reiss, Batterman, Instruction 88A-13, modified.

## DEFENDANT'S REQUESTED INSTRUCTION NO. 7

## OTHERWISE QUALIFIED FOR THE POSITION

The term "otherwise qualified for the position" means that plaintiff Robert Murphey must have the requisite skill, experience, education, and other job-related requirements of the employment positions(s) involved in this case.

Modern Federal Jury Instructions, Sand, Siffert, Reiss, Batterman, Instruction 88A-13, modified.

**DEFENDANT'S REQUESTED INSTURCTION NO. 8**

**REASONABLE ACCOMMODATION**

The term "reasonable accommodation" means making modifications to the work place that allows a person with a disability to perform the essential functions of the job or allows a person with a disability to enjoy the same benefits and privileges as an employee without a disability.

The term "reasonable accommodation" does not include efforts that would cause an undue hardship on defendant City of Minneapolis.

Federal Jury and Practice Instructions, 5th Ed. § 172.39.

**DEFENDANTS' REQUESTED INSTRUCTION NO. 9**

**UNDUE HARDSHIP**

The term "undue hardship" means action requiring defendant City of Minneapolis to incur significant expense or undergo significant difficulty when considered in light of the following:

One: The nature and net cost of the accommodation;

Two: The overall financial resources of defendant City of Minneapolis and the number of persons employed by defendant City of Minneapolis; and

Three: The type of defendant's business, including the composition, structure, and functions of defendant's workforce.

Federal Jury and Practice Instructions, 5th Ed. § 172.40.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 10**

**ESSENTIAL JOB FUNCTIONS**

The term "essential job functions" means the fundamental job duties of the employment position plaintiff Robert Murphey holds or for which plaintiff Robert Murphey has applied. The term "essential functions" does not include the marginal functions of the position.

Along with all the other evidence in the case, you may consider the following in determining the essential functions of an employment position:

1. Defendant's judgment as to which functions of the job are essential;
2. Written job descriptions prepared for advertising or used when interviewing applicants for the job;
3. The amount of time spent on the job performing the function in question;
4. The consequences of not requiring the person to perform the function;
5. The terms of a collective bargaining agreement if one exists;
6. The work experience of persons who have held the job; and
7. The current work experience of persons in similar jobs.

Federal Jury and Practice Instructions, 5th Ed. § 172.33.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 11**

**SUBSTANTIALLY LIMITS**

The phrase "substantially limits" as used in these instructions means an individual is significantly restricted in the ability to perform a major life activity.

In determining whether the plaintiff's impairment substantially limits plaintiff's ability to perform a major life activity, you should compare the plaintiff's ability to perform the major life activity with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment. Temporary impairments with little or no long-term impact are not sufficient.

It is not the name of an impairment or a condition that matters, but rather the effect of an impairment or condition on the life of a particular person.

Federal Jury and Practice Instructions, 5th Ed. § 172.34 in Notes.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 12**

**SUBSTANTIALLY LIMITED IN ABILITY TO WORK**

Working is a major life activity. However, an inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. An individual is substantially limited in the major life activity of working only if the individual is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

In deciding whether an individual's impairment substantially limited the individual's ability to work, you should consider the following factors relating to the severity, duration and lasting effect of the impairment:

1. The nature and severity of the plaintiff's impairment;
2. How long the plaintiff's alleged impairment will last or is expected to last; and
3. The permanent or long-term impact of the plaintiff's alleged impairment.

In addition, you may also consider:

1. The geographical area to which plaintiff Robert Murphey has reasonable access;
2. The number and types of jobs, if any, utilizing similar training, knowledge, skill or abilities, within that geographical area, from which plaintiff Robert Murphey is also disqualified because of the alleged impairment; and
3. The number and types of jobs, if any, not utilizing similar training, knowledge, skills or abilities, within that geographical area from which plaintiff Robert Murphey is also disqualified because of the alleged impairment.

Federal Jury and Practice Instructions, 5th Ed. § 172.34, title modified.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 13**

**MAJOR ACTIVITIES OF LIFE**

"Major activities of life" include such activities as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working. An impairment that limits the "major life activity" of working must significantly restrict the plaintiff's ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable skills and abilities. The inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working.

Federal Jury and Practice Instructions, 5th Ed. § 172.35.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 14**

**CAUSATION GENERALLY**

Plaintiff Robert Murphey has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff Robert Murphey has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant City of Minneapolis.

Federal Jury Practice and Instructions, 5th Ed. § 172.50.

**DEFENDANT'S' REQUESTED INSTRUCTION NO. 15**

**PREPONDERANCE OF THE EVIDENCE**

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Federal Jury Practice and Instructions, 5th Ed. § 172.51.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 16**

**GOOD FAITH EFFORTS AT REASONABLE ACCOMMODATION**

Defendant City of Minneapolis asserts that it has made a good faith effort to reasonably accommodate the alleged disability of plaintiff Robert Murphey.

Your verdict should be for defendant City of Minneapolis, if defendant City of Minneapolis has proven to you, by a preponderance of the evidence, that:

First: Plaintiff Robert Murphey has informed the defendant City of Minneapolis that reasonable accommodations, as defined in these instructions, were needed because of plaintiff's disability; and

Second: Defendant City of Minneapolis either made a good faith effort, in consultation with plaintiff Robert Murphey, to identify and make a reasonable accommodation that would provide plaintiff Robert Murphey with an equally effective opportunity at the work place; or

Third: The efforts at the reasonable accommodation would cause an undue hardship on the operation of the defendant's business.

Federal Jury Practice and Instructions, 5th Ed. § 172.60.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 17**

**BUSINESS NECESSITY**

Defendant City of Minneapolis may justify an employment practice or decisionmaking process that results in adverse or disparate impact on a particular group by proving that it is job-related and consistent with business necessity. An employment practice or decisionmaking process is job related if it has a clear relationship or connection to the job or position in question. An employment practice or decisionmaking process that results in an adverse or disparate impact is consistent with business necessity if it substantially promotes safe, efficient, or successful job performance.

If you determine defendant City of Minneapolis has proved its employment practice or decisionmaking process is job-related and consistent with business necessity, then you must decide in favor of defendant City of Minneapolis despite the adverse impact.

If you determine plaintiff Robert Murphey proved by a preponderance of the evidence that defendant City of Minneapolis had a suitable alternative that would have resulted in a lesser adverse impact and the defendant refused to adopt it, then you must decide in favor of plaintiff Robert Murphey.

A suitable alternative is one that would have also served the defendant's interest in safe, efficient and successful job performance.

Federal Jury Practice and Instructions, 5th Ed. § 172.63.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 18**

**BUSINESS JUDGMENT**

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's disability.

Defendant City of Minneapolis may discharge or otherwise adversely affect an employee, including plaintiff Robert Murphey for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of defendant City of Minneapolis even though you personally may not approve of the action taken and would have acted differently under the circumstances.

Federal Jury Practice and Instructions, 5th Ed. § 172.64.

## DEFENDANT'S REQUESTED INSTRUCTION NO. 19

## COMPENSATORY DAMAGES

If you find defendant City of Minneapolis discriminated against plaintiff Robert Murphey based on plaintiff's disability, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff Robert Murphey proves were caused by the defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation-no more and no less.

You may award damages for any pain, suffering or mental anguish that plaintiff Robert Murphey experienced as a consequence of the defendant's termination from employment. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff Robert Murphey prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Federal Jury Practice and Instructions, 5th Ed. § 172.70.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 20**

**BACK PAY**

If you determine defendant City of Minneapolis discriminated against plaintiff Robert Murphey in terminating plaintiff Robert Murphey, then you must determine the amount of damages that defendant's actions have caused plaintiff Robert Murphey.

You may award as actual damages an amount that reasonably compensates plaintiff Robert Murphey for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff Robert Murphey would have received had plaintiff Robert Murphey not been discriminated against.

You must reduce any award by the amount of the expenses that plaintiff Robert Murphey would have incurred in making those earnings.

Federal Jury Practice and Instructions, 5th Ed. § 172.71.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 21**

**FRONT PAY**

You must also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that plaintiff Robert Murphey would have earned had plaintiff Robert Murphey not been terminated for the period from the date of your verdict until the date when plaintiff Robert Murphey would have voluntarily resigned or obtained other employment.

You must also reduce any award to its present value by considering the interest that plaintiff Robert Murphey could earn on the amount of the award if plaintiff had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to plaintiff Robert Murphey if plaintiff Robert Murphey receives it today than if plaintiff Robert Murphey received it in the future, when plaintiff Robert Murphey would otherwise have earned it. It is more valuable because plaintiff Robert Murphey can earn interest on it for the period of time between the date of the award and the date plaintiff would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that plaintiff Robert Murphey can earn on that amount in the future.

Federal Jury Practice and Instructions, 5th Ed. § 172.72

**DEFENDANT'S REQUESTED INSTRUCTION NO. 22**

**LIFE EXPECTANCY – TABLE OF MORTALITY**

The standard table of mortality that the court has judicially noticed and received in evidence in this case may be considered by you in determining how long the claimant may be expected to live. According to the table of mortality, the life expectancy in this country of a male person 55 years of age is between 23 years.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in the United States of a given age and sex. That estimate is based upon a limited record of experience. The inference that may reasonably be drawn from life expectancy as shown by the table applies only to one who has the average health and exposure to danger of people of that age and sex.

In determining the reasonably certain life expectancy of plaintiff Robert Murphey, you should consider, in addition to what is shown by the mortality table, all other facts and circumstances in evidence in the case bearing upon the life expectancy of plaintiff Robert Murphey, including plaintiff's occupation, habits, past health record and present state of health.

When considering life expectancy, in determining any reasonably certain future damage, you will bear in mind, of course, the distinction between entire-life expectancy and work-life expectancy.

Those elements of damage that are related to future income should be measured only by plaintiff Robert Murphy's remaining work life expectancy, not plaintiff's entire life expectancy.

Federal Jury Practice and Instructions, 5th Ed. § 128.21.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 23**

**MITIGATION OF DAMAGES**

Plaintiff Robert Murphey must make every reasonable effort to minimize or reduce plaintiff's damages for loss of compensation by seeking employment. This referred to as "mitigation of damages." Defendant City of Minneapolis must prove by a preponderance of the evidence that the plaintiff Robert Murphey failed to mitigate plaintiff's damages for loss of compensation.

If you determine plaintiff Robert Murphey is entitled to damages, you must reduce these damages by

1. What plaintiff Robert Murphey earned and
2. What plaintiff Robert Murphey could have earned by reasonable effort during the period from plaintiff's discharge until the date of trial.

Plaintiff Robert Murphey must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider

1. The type of work,
2. The hours worked,
3. The compensation,
4. The job security,
5. The working conditions, and
6. Other conditions of employment.

You must decide whether plaintiff Robert Murphey acted reasonably in not seeking or accepting a particular job. If you determine plaintiff Robert Murphey did not make reasonable

efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate plaintiff Robert Murphey for any portion of plaintiff's damages resulting from plaintiff's failure to make reasonable efforts to reduce plaintiff's damages.

Federal Jury Practice and Instructions, 5th Ed. § 172.75.