**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Robert K. Murphey, Jr.,**

**Plaintiff,**

**vs.**

**City of Minneapolis,**

**Defendant.**

**Case No.: 01-10 JNE/JGL**

**DEFENDANT'S MOTIONS IN LIMINE**

---

## PLAINTIFF SHOULD NOT RECEIVE FRONT PAY DAMAGES FROM SEPTEMBER 1, 2001 AND FORWARD

Plaintiff has received service-connected disability benefits from the Veteran's Administration retroactive to September 1, 2001. Plaintiff was determined by the Veteran's Administration to be entitled to individual unemployability because he is unable to secure or follow a substantially gainful occupation as a result of his service-related disabilities. See Exhibit 1. Plaintiff's attorney has already indicated that Mr. Murphey is totally disabled as of September 1, 2001 and cannot work beyond that date.

## WAGE DAMAGES SHOULD BE OFFSET BY WORKERS' COMPENSATION WAGE LOSS BENEFITS PAID BY THE CITY OF MINNEAPOLIS

Any damages awarded to Plaintiff should be offset by wage loss payments paid by the City of Minneapolis through workers' compensation. The City of Minneapolis is self-insured and has made wage loss payments to Plaintiff after his termination from the City of Minneapolis. See Attached Exhibit 2. If Plaintiff does receive an award of back pay or front pay, he should not

receive double recovery from the City of Minneapolis. Therefore, any wage loss payments awarded should be offset by the wage loss already paid to Plaintiff by Defendant.

**PLAINTIFF SHOULD BE PROHIBITED FROM USING FRANK SAMLASKA AS AN EXPERT WITNESS**

Plaintiff may attempt to bring in "expert" witness testimony to prove that Plaintiff was substantially limited in the activity of working. Plaintiff took the deposition of Frank Samlaska, who was a Qualified Rehabilitation Consultant who worked with Plaintiff. Plaintiff neither identified Frank Samlaska as an expert witness nor provided an expert witness report pursuant to the Pretrial Order. Plaintiff should not be allowed to bring in alleged expert testimony when Samlaska was not identified as an expert, an expert report was never produced to Defendant, and Defendant was never given an opportunity to obtain its own expert to counter the "expert" testimony of Samlaska.

**PLAINTIFF SHOULD NOT BE ABLE TO QUESTION ED BACKSTROM REGARDING ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS OR ATTORNEY-WORK PRODUCT**

Plaintiff took the deposition of Ed Backstrom, an attorney for the City of Minneapolis who had been handling workers' compensation matters during the relevant period. During the deposition, Mr. Backstrom stated that the only communications he had with his clients related to Robert Murphey that were not attorney-client privileged were those conversations that occurred at a meeting in October 1999. See Exhibit 3, Depo. Backstrom pp. 19-20. Plaintiff should be precluded from asking questions of Mr. Backstrom that go beyond the October 1999 meeting.

## CONCLUSION

Defendant respectfully requests that Defendant's Motions in Limine be granted.

Dated: March 25, 2005

JAY M. HEFFERN
City Attorney
By

CAROLINE M. BACHUN
Assistant City Attorney
Attorney Reg. No.024370X
Attorneys for Defendant
333 South Seventh Street, Suite 300
Minneapolis, MN 55402-2453
(612) 673-2754