UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - -

Robert K. Murphey, Jr.,

Plaintiff,

vs.

City of Minneapolis,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - -

Civil File No. 01-10 (JNE/JGL)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE CONCERNING WITNESS FRANK SAMLASKA**

## INTRODUCTION

The defendant has moved to preclude Frank Samlaska from testifying as an expert.[1] The sole basis of the motion is that the plaintiff did not comply with Fed.R.Civ.P. 26(a), which requires a party intending to offer evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence to identify the witness and serve a report which sets forth, among other things, the opinions of the expert and the bases for those opinions.[2] Those requirements, however, apply only to "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony". (Fed.R.Civ.P. 26[a][2][B]) Mr. Samlaska does not fall within that description, and the defendant's motion must be denied.

---

[1] Defendant's Motion in Limine, March 25, 2005, second page.

[2] *Id.*

On January 18, 2001, the defendant identified Mr. Samlaska in its Rule 26 disclosures as a person with discoverable information it might use to support its defenses.[3] On May 17, 2001, the plaintiff identified Mr. Samlaska as an expert witness he intended to use at trial.[4]

On August 21, 2001, the plaintiff's counsel contacted Mr. Samlaska in an attempt to retain him as an expert and furnish a Rule 26(a)(2) report.[5] That contact was 25 days prior to the deadline under the Amended Scheduling Order for the plaintiff to furnish a report.[6]

Upon receipt, Mr. Samlaska contacted the plaintiff's counsel and informed him that he was at that time serving as the Qualified Rehabilitation Consultant ("QRC") for the parties with respect to the plaintiff's worker's-compensation claim and could not serve as an expert witness for either side in this case.[7] Mr. Samlaska further informed the plaintiff's counsel that, if his opinions were to be elicited for this case, he would have to be subpoenaed to testify.[8]

On August 24, 2001, the plaintiff requested of Mr. Samlaska that he produce to the plaintiff's counsel his entire file on the plaintiff and provided him with a release authorizing him to do so.[9] That file was produced to the plaintiff's counsel on or about October 1, 2001.[10] It consisted of 556

---

[3] Affidavit of James G. Ryan, April 11, 2005 ("Ryan Aff."), para. 8 and **Ex. 8** thereto.

[4] Ryan Aff., para. 8 and **Ex. G** thereto.

[5] *Id.*, para. 2 and **Ex. A** thereto; Affidavit of Samlaska, April 11, 2005, para. 2 and **Ex. A** thereto.

[6] Amended Scheduling Order, dated January 28, 2002, para. 1.

[7] Samlaska Aff., para. 3; Ryan Aff., para. 3.

[8] *Id.*

[9] Ryan Aff., para. 4.

[10] Ryan Aff., para. 5.

pages, which the plaintiff's counsel "Bates stamped" and provided to the defendant's attorney by messenger on October 2, 2001.[11]

Mr. Samlaska was then subpoenaed for a deposition scheduled for October 4, 2001. Questioning at the deposition was conducted by the attorneys for both parties, with the time of questioning and exhibits introduced divided virtually equally. The plaintiff questioned Mr. Samlaska for 62 pages and marked and used seven exhibits; the defendant questioned him for 67 pages and marked and used five exhibits.[12]

**ARGUMENT**

This issue is controlled by the ruling issued three weeks ago in *Crump v. Versa Products, Inc.*, 400 F.3d 1104 (8th Cir. 2005). In that products-liability action, the trial court allowed the defendants to place before the jury the video testimony of and testing done by two experts who were not identified as experts and who did not provide reports under Rule 26(b)(2). Appealing from an adverse jury verdict, the plaintiff argued, *inter alia*, that the admission of that testimony was error. The appellate court disagreed. The Court quoted from Rule 26(a) that the report requirement applies only to "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony". (Fed.R.Civ.P. 26[a][2][B], *quoted in Crump* at 1110.) The *Crump* Court noted that, although the two experts had testified as experts for the defendant in the past, they had not been retained as experts in this case. In addition, the Court ruled that the plaintiffs could show no prejudice by the defendants' failure to comply with Rule 26(a)(2), noting that the plaintiffs had been provided during discovery with the

---

[11] *Id.*

[12] *Id.*, para. 7.

two experts' resumes and had the opportunity to take their depositions, and that their own expert had been provided prior to trial with the two experts' testing results and reports, videos and depositions. (*Crump* at 1110)

An even stronger case for admission of Samlaska's testimony, including any opinions he holds, is presented here. Here, the plaintiff attempted in timely fashion to comply with Rule 26(a). Samlaska refused to agree to serve as an expert, because he was at that time, as he had been at the time of the plaintiff's termination nearly two years earlier, working as a neutral expert for *both* parties on the worker's-compensation matter and understandably wanted to avoid any conflict of interest. As a result, he was served with a deposition subpoena. His entire file was produced to the defendant prior to his deposition, and the defendant spent more time questioning Samlaska during the deposition than did the plaintiff.

Clearly, Samlaska was not "retained or specially employed" by the plaintiff in this case within the meaning of Fed.R.Civ.P. 26(a)(2)(B), and he is certainly not an "employee" of Mr. Murphey (the only other way there can be coverage under that provision). In addition, the defendant can demonstrate absolutely no prejudice by Samlaska's testifying as an expert. Samlaska had as much contact with the City during Murphey's worker's-compensation case as he did with Mr. Murphey. He was identified by the defendant in its Rule 26 disclosures dated January 18, 2001, nearly nine months before he was deposed, as a person with discoverable information which might be used by the defendant to support its defenses. The plaintiff identified him as an expert on May 17, 2001, nearly five months prior to his deposition. His entire file was produced to both sides prior to his deposition, and the City spent more time questioning Samlaska at his deposition than did the plaintiff.

**CONCLUSION**

Based upon the foregoing points and authorities, the plaintiff respectfully requests that the portion of the defendant's motion in limine to preclude Frank Samlaska from testifying as an expert be in all respects denied.

Respectfully submitted,

Dated: April 11, 2005

*/s James G. Ryan*

James G. Ryan
Attorney Reg. No. 155962
820 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 338-3872
Attorney for Plaintiff