UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - -

Robert K. Murphey, Jr.,

Plaintiff,

vs.

City of Minneapolis,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - -

Civil File No. 01-10 (JNE/JGL)

**AFFIDAVIT OF PLAINTIFF'S COUNSEL IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

James G. Ryan, being first duly sworn, states as follows:

1. I am the attorney of record for the plaintiff and licensed to practice before this Court. I submit this affidavit in opposition to the motion of the defendant to preclude Frank Samlaska from testifying as an expert based upon a failure to comply with Rule 26(a) (2) of the Federal Rules of Civil Procedure.

2. On August 21, 2001, I faxed to Mr. Samlaska a detailed letter requesting that he serve as an expert for the plaintiff in this matter and provide a Rule 26(b) report by September 12, 2001, three days prior to the deadline of September 15, 2005 in the Amended Scheduling Order. Attached hereto as **Exhibit A** is a true and correct copy of my letter to Mr. Samlaska of August 21, 2001, the attachment to that letter, and the fax transmission confirmation sheet.

3. Shortly after receiving that letter, Mr. Samlaska contacted me by telephone and informed me that he would not be able to serve as the plaintiff's expert or furnish such a report in

this case. He explained that he was still functioning at that time as the Qualified Rehabilitation Consultant for Mr. Murphey and the City of Minneapolis in Mr. Murphey's worker's-compensation case, and for that reason could not serve as an expert for Mr. Murphey in this matter. He informed me that, if I wanted to elicit his opinion testimony, I would have to serve him with a subpoena.

4. On August 24, 2001, Patricia Cayo of my office sent Mr. Samlaska a letter requesting that he produce to me his entire file pertaining to Mr. Murphey. Attached hereto as **Exhibit B** is a true and correct copy of Ms. Cayo's letter and of the release signed by Mr. Murphey allowing Samlaska to produce the file.[1]

5. My office received from Mr. Samlaska his file on or about October 1, 2001. My staff "Bates-stamped" the file, numbering the documents "MURPHEY 716" through "MURPHEY 1272", and provided Caroline Bachun, attorney for the defendant, with a complete copy of that file by messenger on October 2, 2001. A true and correct copy of our letter which accompanied delivery of the file to Ms. Bachun is attached as **Exhibit C**.

6. As Mr. Samlaska requested, I subpoenaed him on September 28, 2001 for a deposition on October 4, 2001. Attached as **Exhibit D** is a true and correct copy of the deposition subpoena.[2]

7. Mr. Samlaska was deposed on October 4, 2001. As the first and last pages of the condensed, 133-page deposition transcript show (a true and correct copy of the first and last pages of the condensed transcript are attached hereto as **Exhibit E**), questioning by counsel for the parties consisted of the following:

---

[1] This letter and the releases was marked at the Samlaska deposition as "Deposition Ex. 2."

[2] This subpoena was marked at the Samlaska deposition as "Deposition Ex. 1."

| **EXAMINATION** | **PAGE** |
|---|---|
| By Mr. Ryan | 4 |
| By Ms. Bachun | 59 |
| By Mr. Ryan | 109 |
| By Ms. Bachun | 116[3] |
| [End of Questioning by Bachun | 133][4] |

Thus, I questioned Samlaska for a total of 62 pages (55 + 7), and Ms. Bachun questioned him for 67 pages (50 + 17). I marked and used seven exhibits during my questioning; Ms. Bachun marked and used five.[5]

8. It should also be noted that on January 18, 2001, nearly nine months before Mr. Samlaska was deposed, the City itself identified him in its Rule 26(a) initial disclosures as a person with discoverable information it might use to support its defenses. True and correct copies of pages 1-2 and 8 of the Defendant's Rule 26 Disclosures dated January 18, 2001 are attached hereto as **Exhibit F.** (*See* **Ex. F**, p. 2, witness no. 2 [Samlaska], and Fed.R.Civ.P. 26[a][1][A].) In addition, on May 17, 2001, nearly five months before Mr. Samlaska was deposed, the plaintiff identified him to the defendant as an expert the plaintiff intended to use. A true and correct copy of pages 1, 15-16, and 32-33 of Plaintiff's Answers to Defendant's Interrogatories to Plaintiff dated May 17, 2001, which pages include the plaintiff's Answer to Interrogatory No. 15 (the expert-witness interrogatory)

---

[3] It is the "Index" in the upper right-hand corner of the first page of the condensed transcript which contains this chart.

[4] It is the last page of the condensed transcript (page two of **Exhibit E**, attached) which shows the ending of questioning by Ms. Bachun.

[5] See **Ex. E**, "SAMLASKA EXHIBITS MARKED".

is attached hereto as **Exhibit G**.

Further your affiant sayeth naught except that this Affidavit is respectfully submitted.

*/s/ James G. Ryan*
James G. Ryan

Subscribed and sworn to before me
this 11th day of April, 2005.

*/s/ Patricia M. Cayo*
Patricia M. Cayo

Notary Public

(Seal)

JAMES G. RYAN
ATTORNEY AT LAW
4421 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MINNESOTA 55402

LICENSED IN MINNESOTA
AND WISCONSIN

PATRICIA M. CAYO
LEGAL ASSISTANT

TELEPHONE: (612) 338-3872
FAX: (612) 338-3874

PERSONAL & CONFIDENTIAL
ATTORNEY WORK PRODUCT

August 21, 2001

**BY FAX AND BY MAIL**

Frank Samlaska
Samlaska Rehabilitation Services
209 South Second Street, Suite 211
Mankato, MN 56001

Re: Murphey vs. City of Minneapolis
U.S. District Court File No. 01-10 (DSD/JMM)

Dear Mr. Samlaska:

This letter confirms my voice-mail message left this morning that I would like you to serve as an expert witness for Mr. Murphey in the above-entitled matter. To do so, I will need you to prepare a written report which complies with the Federal Rules of Civil Procedure. The deadline for furnishing the report is:

**WEDNESDAY, SEPTEMBER 12, 2001**

That is the date we must have your report *in the hands of opposing counsel*, so our receipt of the report a day or two prior to that deadline would be ideal, but we'll be able to manage as long as we get it by noon on the deadline date.

After you have had an opportunity to review this letter, please contact me.

**MATERIALS FOR REVIEW**

I believe you have a full file on this matter which I presume is sufficient for you to prepare the report we need.

**EXHIBIT A**

**ISSUES TO BE COVERED**

I would like you to offer you opinion on the following issues:

1. In general, based on your education, training, and experience, and based on your review of Mr. Murphey's medical records, did Mr. Murphey suffer from a physical impairment that substantially limited one or more of his major life activities as defined in the 29 C.F.R. 1630.2?

2. In particular, based on your education, training, and experience, and based on your review of Mr. Murphey's medical records and your knowledge of Mr. Murphey's attempts to obtain employment, did Mr. Murphey suffer from a physical impairment that substantially limited his major life activity of "working" as defined in the 29 C.F.R. 1630.2?

The regulation cited above provides as follows:

29 CFR 1630.2

§ 1630.2 Definitions.

* * *

(g) Disability means, with respect to an individual --

(1) *A physical* or mental *impairment that substantially limits one or more of the major life activities of such individual*;

* * *

(h) Physical or mental impairment means:

(1) Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine; or

(2) Any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

(i) *Major Life Activities* means functions such as caring for oneself, *performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.*

PERSONAL & CONFIDENTIAL
ATTORNEY WORK PRODUCT



(j) Substantially limits --

(1) The term *substantially limits* means:

(i) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) *Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.*

(2) The following factors should be considered in determining whether an individual is substantially limited in a major life activity:

(i) The nature and severity of the impairment;

(ii) The duration or expected duration of the impairment; and

(iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

(3) With respect to the major life activity of working --

(i) The term substantially limits means significantly restricted in the ability to perform either *a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.*

(ii) *In addition to the factors listed in paragraph (j)(2) of this section, the following factors may be considered in determining whether an individual is substantially limited in the major life activity of "working":*

(A) The geographical area to which the individual has reasonable access;

(B) The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or

PERSONAL & CONFIDENTIAL
ATTORNEY WORK PRODUCT



(C) The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).

At this point, I am most concerned with Issue 2, and your opinions on the specific factors listed in clauses (3)(i) and (3)(ii)(A), (B), and (C) in the regulation set forth above.

**WHAT YOUR REPORT MUST CONTAIN**

As you may already know, every expert who will testify in federal court in a civil case <u>must</u> provide "a written report prepared and signed by the witness"; the report itself is described in the Rule as follows:

> **The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.**

A copy of Rule 26(a)(2)(B) of the amended Federal Rules is enclosed for your information, along with the relevant portion of the commentary to that portion of the Rule. As you probably know from past experience, you have to comply with this rule whenever you are retained by any attorney in connection with any civil case brought in federal court.

A summary of your opinions and of the grounds for them -- the old federal standard and still the standard in Minnesota state court -- is no longer adequate. Now, **"a <u>complete</u> statement of <u>all</u> opinions to be expressed and the basis and reasons therefor"** (emphasis added) must be provided (in addition to the other information specified above). The penalty for inadequate, or incomplete disclosure under the new Rule is severe: any opinions or data not disclosed in the report cannot be used in your direct testimony at trial.

PERSONAL & CONFIDENTIAL
ATTORNEY WORK PRODUCT



Therefore, please make certain that your report contains the following:

a. *A complete statement of all of your opinions;*

b. *A complete statement of the basis (or bases) of and reasons for those opinions;*

c. *A full description of the data or other information you considered in forming your opinions;*

d. *Any exhibits to be used as a summary of or support for your opinions;*

e. *A current, complete, and accurate curriculum vitae;*

f. *A list of all publications authored by you within the preceding ten years;*

g. *A list of all other cases in which you have testified as an expert at trial or by deposition within the preceding four years; and*

h. *The compensation (or rate of compensation) to be paid for your services.*

If you need any additional information or if you have any questions about what your report must contain under Rule 26 or about any other matter, please feel free to contact me. I look forward to working with you on this matter.

Very truly yours,

James G. Ryan

jgr/s

Encls.

(hereafter referred to as the Columbia Survey). The Committee is deeply grateful for the benefit of this extensive undertaking and is most appreciative of the cooperation of the Project and the funding organizations. The Committee is particularly grateful to Professor Rosenberg who not only directed the survey but has given much time in order to assist the Committee in assessing the results.

The Columbia Survey concludes, in general, that there is no empirical evidence to warrant a fundamental change in the philosophy of the discovery rules. No widespread or profound failings are disclosed in the scope or availability of discovery. The costs of discovery do not appear to be oppressive, as a general matter, either in relation to ability to pay or to the stakes of the litigation. Discovery frequently provides evidence that would not otherwise be available to the parties and thereby makes for a fairer trial or settlement. On the other hand, no positive evidence is found that discovery promotes settlement.

More specific findings of the Columbia Survey are described in other Committee notes, in relation to particular rule provisions and amendments. Those interested in more detailed information may obtain it from the Project for Effective Justice.

### Rearrangement of the Discovery Rules

The present discovery rules are structured entirely in terms of individual discovery devices, except for Rule 27 which deals with perpetuation of testimony, and Rule 37 which provides sanctions to enforce discovery. Thus, Rules 26 and 28 to 32 are in terms addressed only to the taking of a deposition of a party or third person. Rules 33 to 36 then deal in succession with four additional discovery devices: Written interrogatories to parties, production for inspection of documents and things, physical or mental examination and requests for admission.

Under the rules as promulgated in 1938, therefore, each of the discovery devices was separate and self-contained. A defect of this arrangement is that there is no natural location in the discovery rules for provisions generally applicable to all discovery or to several discovery devices. From 1938 until the present, a few amendments have applied a discovery provision to several rules. For example, in 1948, the scope of deposition discovery in Rule 26(b) and the provision for protective orders in Rule 30(b) were incorporated by reference in Rules 33 and 34. The arrangement was adequate so long as there were few provisions governing discovery generally and these provisions were relatively simple.

As will be seen, however, a series of amendments are now proposed which govern most or all of the discovery devices. Proposals of a similar nature will probably be made in the future. Under these circumstances, it is very desirable, even necessary, that the discovery rules contain one rule addressing itself to discovery generally.

Rule 26 is obviously the most appropriate rule for this purpose. One of its subdivisions, Rule 26(b), in terms governs only scope of deposition discovery, but it has been expressly incorporated by reference in Rules 33 and 34 and is treated by courts as setting a general standard. By means of a transfer to Rule 26 of the provisions for protective orders now contained in Rule 30(b), and a transfer from Rule 26 of provisions addressed exclusively to depositions, Rule 26 is converted into a rule concerned with discovery generally. It becomes a convenient vehicle for the inclusion of new provisions dealing with the scope, timing, and regulation of discovery. Few additional transfers are needed. See table showing rearrangement of rules, set out following this statement.

There are, to be sure, disadvantages in transferring any provision from one rule to another. Familiarity with the present pattern, reinforced by the references made by prior court decisions and the various secondary writings about the rules, is not lightly to be sacrificed. Revision of treatises and other reference works is burdensome and costly. Moreover, many States have adopted the existing pattern as a model for their rules.

On the other hand, the amendments now proposed will in any event require revision of texts and reference works as well as reconsideration by States following the Federal model. If these amendments are to be incorporated in an understandable way, a rule with general discovery provisions is needed. As will be seen, the proposed rearrangement produces a more coherent and intelligible pattern for the discovery rules taken as a whole. The difficulties described are those encountered whenever statutes are reexamined and revised. Failure to rearrange the discovery rules now would freeze the present scheme, making future change even more difficult.

**Table Showing Rearrangement of Rules**

| Existing Rule No. | New Rule No. |
|---|---|
| 26(a) | 30(a), 31(a) |
| 26(c) | 30(c) |
| 26(d) | 32(a) |
| 26(e) | 32(b) |
| 26(f) | 32(c) |
| 30(a) | 30(b) |
| 30(b) | 26(c) |
| 32 | 32(d) |

## Rule 26. General Provisions Governing Discovery; Duty of Disclosure

**(a) Required Disclosures; Methods to Discover Additional Matter.**

**(1) Initial Disclosures.** Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

**(A)** the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

**(B)** a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

**(C)** a computation of any category of damages claimed by the disclosing party, making available

for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(E) The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):

(i) an action for review on an administrative record;

(ii) a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence;

(iii) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

(iv) an action to enforce or quash an administrative summons or subpoena;

(v) an action by the United States to recover benefit payments;

(vi) an action by the United States to collect on a student loan guaranteed by the United States;

(vii) a proceeding ancillary to proceedings in other courts; and

(viii) an action to enforce an arbitration award.

These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan. In ruling on the objection, the court must determine what disclosures—if any—are to be made, and set the time for disclosure. Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

(2) **Disclosure of Expert Testimony.**

(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

(3) **Pretrial Disclosures.** In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment:

(A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

(B) the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and

(C) an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

past working relationships between the attorney and the client, particularly in handling related or similar litigation; and of course how long the party has to conduct an investigation, either before or after filing of the case. As provided in the last sentence of subdivision (a)(1), a party is not excused from the duty of disclosure merely because its investigation is incomplete. The party should make its initial disclosures based on the pleadings and the information then reasonably available to it. As its investigation continues and as the issues in the pleadings are clarified, it should supplement its disclosures as required by subdivision (e)(1). A party is not relieved from its obligation of disclosure merely because another party has not made its disclosures or has made an inadequate disclosure.

It will often be desirable, particularly if the claims made in the complaint are broadly stated, for the parties to have their Rule 26(f) meeting early in the case, perhaps before a defendant has answered the complaint or had time to conduct other than a cursory investigation. In such circumstances, in order to facilitate more meaningful and useful initial disclosures, they can and should stipulate to a period of more than 10 days after the meeting in which to make these disclosures, at least for defendants who had no advance notice of the potential litigation. A stipulation at an early meeting affording such a defendant at least 60 days after receiving the complaint in which to make its disclosures under subdivision (a)(1)—a period that is two weeks longer than the time formerly specified for responding to interrogatories served with a complaint—should be adequate and appropriate in most cases.

**Paragraph (2).** This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses. Normally the court should prescribe a time for these disclosures in a scheduling order under Rule 16(b), and in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue. In the absence of such a direction, the disclosures are to be made by all parties at least 90 days before the trial date or the date by which the case is to be ready for trial, except that an additional 30 days is allowed (unless the court specifies another time) for disclosure of expert testimony to be used solely to contradict or rebut the testimony that may be presented by another party's expert. For a discussion of procedures that have been used to enhance the reliability of expert testimony, see M. Graham, *Expert Witness Testimony and the Federal Rules of Evidence: Insuring Adequate Assurance of Trustworthiness*, 1986 U.Ill.L.Rev. 90.

Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony, must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor. The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness. Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed. Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Revised subdivision (b)(4)(A) authorizes the deposition of expert witnesses. Since depositions of experts required to prepare a written report may be taken only after the report has been served, the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition. Revised subdivision (e)(1) requires disclosure of any material changes made in the opinions of an expert from whom a report is required, whether the changes are in the written report or in testimony given at a deposition.

For convenience, this rule and revised Rule 30 continue to use the term "expert" to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters. The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702.

**Paragraph (3).** This paragraph imposes an additional duty to disclose, without any request, information customarily needed in final preparation for trial. These disclosures are to be made in accordance with schedules adopted by the court under Rule 16(b) or by special order. If no such schedule is directed by the court, the disclosures are to be made at least 30 days before commencement of the trial. By its terms, rule 26(a)(3) does not require disclosure of evidence to be used solely for impeachment purposes; however, disclosure of such evidence—as well as other items relating to conduct of trial—may be required by local rule or a pretrial order.

Subparagraph (A) requires the parties to designate the persons whose testimony they may present as substantive evidence at trial, whether in person or by deposition. Those who will probably be called as witnesses should be listed separately from those who are not likely to be called but who are being listed in order to preserve the right to do so if needed because of developments during trial. Revised Rule

James G. Ryan
Attorney at Law
4421 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-3872
Fax: (612) 338-3874

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: (507) 388-9396

To: Samlaska, Frank
Of: Samlaska Rehabilitation Services
From: Ryan, James G.
Client/Matter: Murphey, Robert
Date: August 21, 2001

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter from JGR to FS | 5 |
| Excerpts from Fed.R.Civ.P. 26 and Committee Comments | 3 |
| | |
| | |

COMMENTS:
Original will follow by US Mail.

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (612) 338-3872.

* * * COMMUNICATION RESULT REPORT ( AUG.21.2001 12:55PM ) * * *

TTI RYAN LAW FIRM

| FILE | MODE | OPTION | ADDRESS (GROUP) | RESULT | PAGE |
|---|---|---|---|---|---|
| 873 | MEMORY TX | | 15073889396 | OK | P. 9/9 |

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL
E-2) BUSY
E-3) NO ANSWER
E-4) NO FACSIMILE CONNECTION

James G. Ryan
Attorney at Law
4421 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-3872
Fax: (612) 338-3874

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: (507) 388-9396

To: Samlaska, Frank
Of: Samlaska Rehabilitation Services
From: Ryan, James G.
Client/Matter: Murphey, Robert
Date: August 21, 2001

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter from JGR to FS | 5 |
| Excerpts from Fed.R.Civ.P. 26 and Committee Comments | 3 |
| | |

JAMES G. RYAN
ATTORNEY AT LAW
4421 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MINNESOTA 55402

LICENSED IN MINNESOTA
AND WISCONSIN

PATRICIA M. CAYO
LEGAL ASSISTANT

TELEPHONE: (612) 338-3872
FAX: (612) 338-3874

August 24, 2001

Frank Samlaska
Samlaska Rehabilitation Services
209 South Second Street, Suite 211
Mankato, MN 56001

Re: Robert K. Murphey vs. City of Minneapolis
U.S. District Court File No. 01-10 (DSD/JMM)

Dear Mr. Samlaska:

I am writing to obtain from you a complete and accurate copy of your file pertaining to Robert K. Murphey, Jr. Enclosed is a Medical Authorization and Release executed by Mr. Murphey permitting you to release this information. We would like these copies within the next week or two. We will reimburse you for the reasonable costs associated with your copying of the file.

If you have any questions, please contact me. Thank you for your assistance.

Very truly yours,

Patricia M. Cayo

Patricia M. Cayo

/s
Encl.

cc: Robert K. Murphey, Jr.

EXHIBIT B

DEPOSITION EXHIBIT
PENGAD-Bayonne, N.J.
2
Samlaska
10-4-01 ad

# MEDICAL AUTHORIZATION AND RELEASE

**TO:**

Frank Samlaska
Samlaska Rehabilitation Services
209 South Second Street, Suite 211
Mankato, MN 56001

**RE:** Robert K. Murphey, Jr.

**Date of Birth:** April 27, 1948

**Social Security Number:** 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

Upon representation of this Authorization and Release, any treating or examining doctor, physician, therapist or other medical personnel, or any hospital or other health-care facility, is authorized to furnish to:

**James G. Ryan**
**4421 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

or his representative(s), ANY AND ALL MEDICAL INFORMATION AND RECORDS OF ANY KIND pertaining to my examination and treatment as a patient at the above location or facility, including treatment for any PHYSICAL, PSYCHOLOGICAL, BLOOD OR CHEMICAL DEPENDENCY CONDITION (including treatment for alcohol or drug abuse) while I was a client or patient at your clinic or facility. This authorization **DOES PERMIT** your discussion or consultation with **JAMES G. RYAN** concerning my treatment, condition or medical history.

This information is required for confidential purposes between attorney and client. I understand that I may revoke this Authorization at any time except to the extent that you have already acted in reliance upon it. I also understand that, upon fulfillment of the above-stated purpose, this authorization will automatically expire without my express revocation. A photocopy of this Authorization will be treated in the same manner as an original. I do not authorize further release to any other third party.

**This Authorization and Release is CONTINUING in nature, and authorizes you to provide PERIODIC UPDATES to my attorneys on treatment received AFTER the date of my signature below. A new authorization SHALL NOT BE REQUIRED to release records and information to James G. Ryan concerning subsequent treatment unless (a) I expressly revoke this authorization in writing and send that revocation to you, or (b) a period of three years has passed from the date of my signature below, whichever occurs first.**

Dated: 8-21-01 Signed: [signature]
Robert K. Murphey, Jr.

JAMES G. RYAN
ATTORNEY AT LAW
4421 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MINNESOTA 55402

LICENSED IN MINNESOTA
AND WISCONSIN

PATRICIA M. CAYO
LEGAL ASSISTANT

TELEPHONE: (612) 338-3872
FAX: (612) 338-3874

October 2, 2001

**BY MESSENGER**

Caroline M. Bachun
Assistant City Attorney
300 Metropolitan Centre
333 South Seventh Street
Minneapolis, MN 55402-2453

Re: Robert K. Murphey vs. City of Minneapolis
U.S. District Court Civil File No. 01-10 (DSD/JMM)

Dear Ms. Bachun:

Pursuant to our telephone conversation today, enclosed please find a complete copy of the documents we received from Frank Samlaska identified as bates stamped numbers MURPHEY 716 thru MURPHEY 1272. Please forward a check in the amount of $55.60 for the copying cost at $.10 per page.

If you have any questions, please contact me.

Very truly yours,

Patricia M. Cayo

Patricia M. Cayo

/s
Encl.

cc: Robert K. Murphey, Jr.

**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DEPOSITION EXHIBIT 1 Samlaska 10-4-01 ss
PENGAD-Bayonne, N.J.

Robert K. Murphey, Jr.,

Plaintiff,

vs.

City of Minneapolis,

Defendant.

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER: 01-10 (DSD/JMM)**

TO: Frank D. Samlaska, Samlaska Rehabilitation Services, 209 South Second Street, Suite 211, Mankato, MN 56001

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM<br>DATE AND TIME |
|---|---|

■ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | | DATE AND TIME |
|---|---|---|
| | James G. Ryan Law Office<br>4421 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402 | Thursday, October 4, 2001<br>9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| James G. Ryan — Attorney for Plaintiff | September 28, 2001 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| James G. Ryan, 4421 IDS Center, 80 South Eigt … 55402 | Telephone: (612) 338-3872 |

**EXHIBIT D**

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony r material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Robert K. Murphey, Jr.,
Plaintiff,
vs. Case No. 01-10 (DSD/JMM)
City of Minneapolis,
Defendant.

---

DEPOSITION OF
FRANK DAVID SAMLASKA
OCTOBER 4, 2001
9:30 A.M.

COPY

JODI L. DAHL, RPR
KINSELLA, HARTIGAN & KELZER, INC.
632 Wells Fargo Bank Building
Minneapolis, Minnesota 55401
Telephone (612) 339-6132
Facsimile (612) 339-1986



DEPOSITION OF FRANK DAVID SAMLASKA, taken pursuant to Notice, before Jodi L. Dahl, registered professional reporter and notary public, at 4421 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota, on Thursday, October 4, 2001, commencing at approximately 9:30 a.m.

* * *

APPEARANCES:

For Plaintiff: LAW OFFICE OF JAMES G. RYAN
BY: James G. Ryan, Attorney
4421 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402

For Defendant: CITY OF MINNEAPOLIS
OFFICE OF CITY ATTORNEY
BY: Caroline M. Bachun, Attorney
333 South Seventh Street
Suite 300
Minneapolis, Minnesota 55402-2543



I N D E X


| EXAMINATION | PAGE |
|---|---|
| By Mr. Ryan | 4 |
| By Ms. Bachun | 59 |
| By Mr. Ryan | 109 |
| By Ms. Bachun | 116 |

SAMLASKA EXHIBITS MARKED

| | | |
|---|---|---|
| 1 | Subpoena | 5 |
| 2 | Letter to Frank Samlaska from Patricia Cayo, Dated August 24, 2001 | 5 |
| 3 | Curriculum Vitae | 12 |
| 4 | Status Report- November 12, 1999 | 27 |
| 5 | Vocational Assessment Report - December 8, 1999 | 33 |
| 6 | Functional Capacities Evaluation | 36 |
| 7 | Engineering Aide I Job Description | 74 |
| 8 | EZDOT Report, Dated 3/9/2000 | 84 |
| 9 | Letter to Robert Murphey from Mary Jauman Dated July 23, 1998 | 88 |
| 10 | Rehabilitation Job Placement Plan & Agreement | 101 |
| 11 | R-3 Rehabilitation Plan Amendment | 107 |
| 12 | Complaint | 114 |


WHEREUPON, the following proceedings were duly had and entered of record, to wit:



FRANK DAVID SAMLASKA,
a witness in the above-entitled
action, after having been first
duly sworn, was examined and
testified as follows:

EXAMINATION

BY MR. RYAN:
Q. Would you state your full name, please.
A. Frank David Samlaska.
Q. And where do you reside?
A. I reside at 722 Linder Drive in Eagle Lake, Minnesota.
Q. What is your age?
A. 47.
Q. What is your occupation?
A. I'm a qualified rehabilitation consultant licensed with the Minnesota Department of Labor & Industry. I am a vocational expert, contracted with the Social Security Administration. And I do some other vocational expert testifying.
Q. Do you have a business -- have a name by which your business is conducted?
A. Samlaska Rehabilitation Services.
Q. And what's the address of that business?



EXHIBIT E

Do you recall any positions that you felt Murphey could do other than the ones we discussed in -- and then did you -- This is still a double question.

Did you ever approach the City with any other positions that you thought Murphey could do other than the ones that we've discussed here today?

A. Yeah. We may have. Because of those job bank lists. I mean, I -- Murphey was getting them as well. And I know, like I said earlier, he was contacting the human resources. So there could have been other jobs that we haven't discussed that he pursued.

Q. But you don't recall them?

A. I don't recall any specific ones.

MS. BACHUN: I have no further questions.

MR. RYAN: No further questions. Are you familiar with the right to read and sign? You have the right to read --

THE WITNESS: Yes.

MR. RYAN: Do you want to exercise that right?

THE WITNESS: I don't need to read it



and sign it.

MR. RYAN: So you waive it?

THE WITNESS: Yeah, I waive the right.

(Whereupon, the deposition concluded at 12:44 p.m.)



STATE OF MINNESOTA )
) ss.
COUNTY OF DAKOTA )

Be it known that I took the deposition of FRANK DAVID SAMLASKA, on October 4, 2001, at 4421 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota;

That I was then and there a notary public in and for the County of Dakota, State of Minnesota, and that I was duly authorized to administer an oath;

That the witness before testifying was first duly sworn to testify the truth and nothing but the truth;

That the testimony was recorded by myself and transcribed into a computer-aided transcript and that the deposition is a true record of the testimony given by the witness to the best of my ability;

That I am not related to any of the parties hereto nor interested in the outcome of the action;

That the cost of the original transcript has been charged to the party noticing the deposition, unless otherwise agreed by Counsel, and that copies have been made available to all parties at the same cost, unless otherwise agreed upon by Counsel;

That the reading and signing of the deposition by the witness was waived, and that the original transcript will be retained by Mr. James G. Ryan.

WITNESS MY HAND AND SEAL THIS 2nd day of November, 2001.

Jodi L. Dahl

JODI L. DAHL
Registered Professional Reporter

JODI L. DAHL
NOTARY PUBLIC - MINNESOTA
My Comm. Expires Jan. 31, 2005

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Robert K. Murphey, Jr.,** **Case No.: 01-10 DSD/JMM**

**Plaintiff,**

**vs.** **RULE 26 DISCLOSURES**

**City of Minneapolis,**

**Defendant.**

---

**INTRODUCTORY STATEMENT**

The following disclosures are made based on the information reasonably available to Defendant as of the date hereof. By making these disclosures, Defendant does not represent that it is identifying every document, tangible thing or witness possibly relevant to this lawsuit. Defendant does not waive its right to object to production of any document or tangible thing disclosed herein on the basis of any privilege, the work product doctrine, relevancy, undue burden or any other valid objection. Defendant's disclosures represent a good faith effort to identify information they reasonably believe is relevant to the factual disputes alleged with particularity in the pleadings, as required by Rule 26(a)(1).

Finally, Defendant's disclosures are made without in any way waiving: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, data classification or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

**EXHIBIT F**

All of the disclosures set forth below are made subject to the above objections and qualifications.

A. Name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.

1. Nancy Ross
307M City Hall
350 South 5th Street
Minneapolis, MN 55415

Subject: Workers' Compensation Claims Coordinator for the workers' compensation claims of Plaintiff. Meetings and conversations with Plaintiff's QRCs and Mary Page.

2. Frank D. Samlaska
Samlaska Rehabilitation Services
209 South 2nd Street, Suite 211
Mankato, MN 56001

Subject: Qualified Rehabilitation Consultant for Plaintiff as of 9/2/99. Conducted vocational assessment of Plaintiff and was involved in creating a vocational rehabilitation plan. Samlaska also completed an On-Site Job Analysis on March 10, 2000 regarding the Civil Engineering Technician position.

3. Thomas Mottaz
2150 3rd Avenue North
Anoka, MN 55303

Subject: Attorney for Plaintiff regarding his workers' compensation claims. Involved in a Rehabilitation Request.

4. Kate Schrot
Prior: Novaen
7700 W. 76th Street
Minneapolis, MN 55435

Current (since July 2000):
Stubbe & Associates
17808 Excelsior Blvd.
Minnetonka, MN 55345
(507) 388-8872

The following documents are available through the Office of the City Attorney:

1. Rules and Charter Provisions of the Minneapolis Civil Service Commission
2. Department of Public Works Personnel File of Plaintiff
3. Civil Service Commission Personnel File of Plaintiff
4. Labor Agreement between the City of Minneapolis and City Employee's Union, Local Union No. 363 a/w Laborer's International Union of North America, AFL-CIO, for the period January 1, 1995 through December 31, 1997
5. Job announcement for the Engineering Aide I (Amended) (Exam No. 17122)
6. Workers' Compensation File
7. Minneapolis Job Openings for the weeks of July 12, 1999 through November 1, 1999
8. Documents related to the Equal Employment Opportunity Commission claim against the City
9. File of Mary (Jauman) Page regarding Plaintiff
10. Essential Functions Job description of Laborer

C. A computation of all damages claimed by the disclosing party, including materials bearing on the nature and extent of injuries suffered.

Not applicable.

D. Any insurance policy which may cover all or part of the judgment or indemnity or reimburse payments made to satisfy the judgment.

The City of Minneapolis is a self-insured municipal corporation.

Defendant respectfully makes these disclosures based on information reasonably available to it at this time. Defendant will supplement these disclosures when appropriate.

Dated: 1-18-01

JAY M. HEFFERN
City Attorney
By Caroline M. Bachun

CAROLINE M. BACHUN
Assistant City Attorney
Attorney Reg. No.024370X
Attorneys for Defendant
333 South Seventh Street, Suite 300
Minneapolis, MN 55402-2453
(612) 673-2754

/00L-0385

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - -

Robert K. Murphey, Jr., Civil File No. 01-10 (DSD/JMM)

Plaintiff,

vs.

**PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES TO PLAINTIFF**

City of Minneapolis,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - -

TO: The defendant above-named and its attorneys, Caroline M. Bachun, Esq., by MINNEAPOLIS CITY ATTORNEY'S OFFICE, 333 South Seventh Street, Suite 300, Minneapolis, MN 55402.

**PLAINTIFF'S ANSWERS TO DEFENDANTS' INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the plaintiff, Robert K. Murphey, Jr., responds to Defendant's Interrogatories to Plaintiff dated March 29, 2001 as follows:

**PRELIMINARY STATEMENTS**

A. Plaintiff's investigation of all the facts and circumstances of this case has not been completed and he therefore reserves the right to supplement, modify, alter or otherwise revise the Answers set forth below.

B. Every answer given to defendant's interrogatories is made subject to and without waiver of each of the General Objections set forth below and the specific objections made to the Interrogatory being answered.

**EXHIBIT G**

**ANSWER NO. 13:** Notwithstanding the above objection, the plaintiff states that he has not personally secured any statements or reports with respect to any of the matters relating to the allegations in his Complaint. See also the plaintiff's response to the defendant's request for statements, which response is served contemporaneously herewith.

**INTERROGATORY NO. 14:** Fully identify each and every person by name, address, occupation and telephone number you intend to call as a witness at trial and state the facts to which each witness is expected to testify.

**OBJECTION:** The plaintiff objects to this Interrogatory on the ground that it seeks trial-preparation material and information about the thought processes and litigation strategy of the plaintiff's counsel, information which is outside the scope of permissible discovery. The plaintiff will produce a witness list when required to do so under Rules LR 16.6 and/or LR 39.1 of the Local Rules of the United States District Court for the District of Minnesota, or when otherwise ordered to do so by the Court.

**INTERROGATORY NO. 15:** Identify by name, address, place of employment and area of expertise each person you expect to call as an expert witness at trial and for each state:

a. The subject matter to which the expert is expected to testify;
b. The substance of his/her opinion and the facts relied upon in forming the opinion; and
c. A summary of the grounds for each opinion.

**ANSWER NO. 15:** The plaintiff has not at this time identified the persons, if any, whom he intends to call as experts. The plaintiff anticipates using the healthcare providers who treated him for his workers' compensation injury, which was related to the events which gave rise to this proceeding, as experts, as well as the plaintiff's workers-compensation attorney Tom Mottaz, and his QRC,

Frank Samlaska. A psychological expert, as well as a rehabilitation and economic expert may be called.

**INTERROGATORY NO. 16:** State in detail and with particularity the factual basis for your claims of discrimination with respect to your disability. Please note that this interrogatory requires a detailed description of the actual basis for your claims and not mere conclusions, legal theory or attorney work product.

**OBJECTION:** Plaintiff objects to the above Interrogatory to the extent and on the ground that the phrase "state ... the factual basis for your claims of discrimination" seeks legal conclusions and the thought processes and strategies of plaintiff's legal counsel.

**ANSWER NO. 16:** Subject to all foregoing objections, the plaintiff responds as follows. The plaintiff worked for the defendant from June of 1977 until his termination in December of 1999. At the time of his discharge, the plaintiff was an Engineering Aide I in the defendant's Public Works Department. His performance in his position was not an issue, and he had a good work record.

From 1977 to October of 1997, the plaintiff was employed as a laborer in the defendant's Paving Department. In October of 1997, the plaintiff injured his back in a work-related incident, and filed a workers' compensation claim against the defendant. This was the fifth work-related injury to his back while employed with the defendant, and this workers' compensation claim has never been denied by the defendant. As a result of his injury, the plaintiff has sustained a lower back, degenerative disk disease.

The defendant knew that plaintiff's disability interfered with his ability to work as a laborer. Once the defendant had notice of the plaintiff's disability, it had knowledge of his need for reasonable accommodation. The defendant had an obligation to engage in an "interactive process"

**as his review into these matters continue, and the above responses should also be considered supplemented with any additional information which is disclosed in the course of discovery by all parties to this action, including depositions and written discovery.**

**AS TO FORM AND OBJECTIONS:**

Dated: May 17, 2001

JAMES G. RYAN
Attorney for Plaintiff

James G. Ryan
Attorney Reg. No. 155962
4421 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-3872

**RULE 33(b)(1) SIGNATURE**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

The plaintiff states that he has read the foregoing Responses and that, based upon the information available to him, believes them to be correct.

Robert K. Murphey, Jr.

Subscribed and sworn to before me
this 10th day of May, 2001

Notary Public

PATRICIA M. CAYO
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES
JANUARY 31, 2005