UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\- - - - - - - - - - - - - - - - - - - - - - -

Robert K. Murphey, Jr., Civil File No. 01-10 (JNE/JGL)

Plaintiff,

vs.

**AFFIDAVIT OF FRANK D. SAMLASKA**

City of Minneapolis,

Defendant.

\- - - - - - - - - - - - - - - - - - - - - - -

STATE OF MINNESOTA )
) ss.
COUNTY OF STEARNS )

Frank D. Samlaska, being first duly sworn, states as follows:

1. I am, among other things, a Qualified Rehabilitation Consultant "("QRC") licensed by the Minnesota Department of Labor and Industry. In October of 1999, I was asked by both Mr. Murphey and the City of Minneapolis to serve as the QRC in connection with Mr. Murphey's worker's-compensation claim. I agreed to do so, and was substituted at that time for the QRC who was then handling the matter. I continued to serve as QRC well past Mr. Murphey's discharge from employment in November of 1999.

2. On or about August 21, 2001, I received a fax transmission from Attorney James G. Ryan requesting that I serve as an expert for Mr. Murphey in this federal court proceeding, and that I generate a detailed report. Attached hereto as **Exhibit A** is a true and correct copy of the letter I received from Mr. Ryan.

3. Shortly after receiving that letter, I contacted Mr. Ryan by telephone and told him that I would not be able to serve as Mr. Murphey's expert or furnish such a report in this case because I was still functioning at that time as the QRC in Mr. Murphey's worker's-compensation case. The role of QRC is that of a neutral, and I had been engaged by both Mr. Murphey and the City to serve in that capacity. I believed that serving as an expert for one side or the other in the federal proceeding would have presented a conflict of interest. I told Mr. Ryan that I would need to be served with a subpoena for me to provide either side with any expert testimony in Mr. Murphey's federal case.

4. I later received a request from Ryan to provide him with a copy of my file, which I did, and was later served with a subpoena for my deposition, with which I complied.

*s/ Frank D. Samlaska*
Frank D. Samlaska

Subscribed and sworn to before me
this 11th day of April, 2005.

*s/ Susan D. Dewenter*
Susan D. Dewenter

Notary Public

(Seal)

JAMES G. RYAN
ATTORNEY AT LAW
4421 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MINNESOTA 55402

LICENSED IN MINNESOTA
AND WISCONSIN

PATRICIA M. CAYO
LEGAL ASSISTANT

TELEPHONE: (612) 338-3872
FAX: (612) 338-3874

PERSONAL & CONFIDENTIAL
ATTORNEY WORK PRODUCT

August 21, 2001

**BY FAX AND BY MAIL**

Frank Samlaska
Samlaska Rehabilitation Services
209 South Second Street, Suite 211
Mankato, MN 56001

Re: Murphey vs. City of Minneapolis
U.S. District Court File No. 01-10 (DSD/JMM)

Dear Mr. Samlaska:

This letter confirms my voice-mail message left this morning that I would like you to serve as an expert witness for Mr. Murphey in the above-entitled matter. To do so, I will need you to prepare a written report which complies with the Federal Rules of Civil Procedure. The deadline for furnishing the report is:

**WEDNESDAY, SEPTEMBER 12, 2001**

That is the date we must have your report *in the hands of opposing counsel*, so our receipt of the report a day or two prior to that deadline would be ideal, but we'll be able to manage as long as we get it by noon on the deadline date.

After you have had an opportunity to review this letter, please contact me.

**MATERIALS FOR REVIEW**

I believe you have a full file on this matter which I presume is sufficient for you to prepare the report we need.

**EXHIBIT A**

PERSONAL & CONFIDENTIAL
ATTORNEY WORK PRODUCT



**ISSUES TO BE COVERED**

I would like you to offer you opinion on the following issues:

1. In general, based on your education, training, and experience, and based on your review of Mr. Murphey's medical records, did Mr. Murphey suffer from a physical impairment that substantially limited one or more of his major life activities as defined in the 29 C.F.R. 1630.2?

2. In particular, based on your education, training, and experience, and based on your review of Mr. Murphey's medical records and your knowledge of Mr. Murphey's attempts to obtain employment, did Mr. Murphey suffer from a physical impairment that substantially limited his major life activity of "working" as defined in the 29 C.F.R. 1630.2?

The regulation cited above provides as follows:

29 CFR 1630.2

§ 1630.2 Definitions.

* * *

(g) Disability means, with respect to an individual --

(1) *A physical* or mental *impairment that substantially limits one or more of the major life activities of such individual*;

* * *

(h) Physical or mental impairment means:

(1) Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine; or

(2) Any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

(i) *Major Life Activities* means functions such as caring for oneself, *performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.*

PERSONAL & CONFIDENTIAL
ATTORNEY WORK PRODUCT



(j) Substantially limits --

(1) The term *substantially limits* means:

(i) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) *Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.*

(2) The following factors should be considered in determining whether an individual is substantially limited in a major life activity:

(i) The nature and severity of the impairment;

(ii) The duration or expected duration of the impairment; and

(iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

(3) With respect to the major life activity of working --

(i) The term substantially limits means significantly restricted in the ability to perform either *a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.*

(ii) *In addition to the factors listed in paragraph (j)(2) of this section, the following factors may be considered in determining whether an individual is substantially limited in the major life activity of "working":*

(A) The geographical area to which the individual has reasonable access;

(B) The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or

PERSONAL & CONFIDENTIAL
ATTORNEY WORK PRODUCT



(C) The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).

At this point, I am most concerned with Issue 2, and your opinions on the specific factors listed in clauses (3)(i) and (3)(ii)(A), (B), and (C) in the regulation set forth above.

**WHAT YOUR REPORT MUST CONTAIN**

As you may already know, every expert who will testify in federal court in a civil case <u>must</u> provide "a written report prepared and signed by the witness"; the report itself is described in the Rule as follows:

> **The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.**

A copy of Rule 26(a)(2)(B) of the amended Federal Rules is enclosed for your information, along with the relevant portion of the commentary to that portion of the Rule. As you probably know from past experience, you have to comply with this rule whenever you are retained by any attorney in connection with any civil case brought in federal court.

A summary of your opinions and of the grounds for them -- the old federal standard and still the standard in Minnesota state court -- is no longer adequate. Now, **"a <u>complete</u> statement of <u>all</u> opinions to be expressed and the basis and reasons therefor"** (emphasis added) must be provided (in addition to the other information specified above). The penalty for inadequate, or incomplete disclosure under the new Rule is severe: any opinions or data not disclosed in the report cannot be used in your direct testimony at trial.

PERSONAL & CONFIDENTIAL
ATTORNEY WORK PRODUCT



Therefore, please make certain that your report contains the following:

*a.* *A complete statement of all of your opinions;*

*b.* *A complete statement of the basis (or bases) of and reasons for those opinions;*

*c.* *A full description of the data or other information you considered in forming your opinions;*

*d.* *Any exhibits to be used as a summary of or support for your opinions;*

*e.* *A current, complete, and accurate curriculum vitae;*

*f.* *A list of all publications authored by you within the preceding ten years;*

*g.* *A list of all other cases in which you have testified as an expert at trial or by deposition within the preceding four years; and*

*h.* *The compensation (or rate of compensation) to be paid for your services.*

If you need any additional information or if you have any questions about what your report must contain under Rule 26 or about any other matter, please feel free to contact me. I look forward to working with you on this matter.

Very truly yours,

James G. Ryan

jgr/s

Encls.

(hereafter referred to as the Columbia Survey). The Committee is deeply grateful for the benefit of this extensive undertaking and is most appreciative of the cooperation of the Project and the funding organizations. The Committee is particularly grateful to Professor Rosenberg who not only directed the survey but has given much time in order to assist the Committee in assessing the results.

The Columbia Survey concludes, in general, that there is no empirical evidence to warrant a fundamental change in the philosophy of the discovery rules. No widespread or profound failings are disclosed in the scope or availability of discovery. The costs of discovery do not appear to be oppressive, as a general matter, either in relation to ability to pay or to the stakes of the litigation. Discovery frequently provides evidence that would not otherwise be available to the parties and thereby makes for a fairer trial or settlement. On the other hand, no positive evidence is found that discovery promotes settlement.

More specific findings of the Columbia Survey are described in other Committee notes, in relation to particular rule provisions and amendments. Those interested in more detailed information may obtain it from the Project for Effective Justice.

### Rearrangement of the Discovery Rules

The present discovery rules are structured entirely in terms of individual discovery devices, except for Rule 27 which deals with perpetuation of testimony, and Rule 37 which provides sanctions to enforce discovery. Thus, Rules 26 and 28 to 32 are in terms addressed only to the taking of a deposition of a party or third person. Rules 33 to 36 then deal in succession with four additional discovery devices: Written interrogatories to parties, production for inspection of documents and things, physical or mental examination and requests for admission.

Under the rules as promulgated in 1938, therefore, each of the discovery devices was separate and self-contained. A defect of this arrangement is that there is no natural location in the discovery rules for provisions generally applicable to all discovery or to several discovery devices. From 1938 until the present, a few amendments have applied a discovery provision to several rules. For example, in 1948, the scope of deposition discovery in Rule 26(b) and the provision for protective orders in Rule 30(b) were incorporated by reference in Rules 33 and 34. The arrangement was adequate so long as there were few provisions governing discovery generally and these provisions were relatively simple.

As will be seen, however, a series of amendments are now proposed which govern most or all of the discovery devices. Proposals of a similar nature will probably be made in the future. Under these circumstances, it is very desirable, even necessary, that the discovery rules contain one rule addressing itself to discovery generally.

Rule 26 is obviously the most appropriate rule for this purpose. One of its subdivisions, Rule 26(b), in terms governs only scope of deposition discovery, but it has been expressly incorporated by reference in Rules 33 and 34 and is treated by courts as setting a general standard. By means of a transfer to Rule 26 of the provisions for protective orders now contained in Rule 30(b), and a transfer from Rule 26 of provisions addressed exclusively to depositions, Rule 26 is converted into a rule concerned with discovery generally. It becomes a convenient vehicle for the inclusion of new provisions dealing with the scope, timing, and regulation of discovery. Few additional transfers are needed. See table showing rearrangement of rules, set out following this statement.

There are, to be sure, disadvantages in transferring any provision from one rule to another. Familiarity with the present pattern, reinforced by the references made by prior court decisions and the various secondary writings about the rules, is not lightly to be sacrificed. Revision of treatises and other reference works is burdensome and costly. Moreover, many States have adopted the existing pattern as a model for their rules.

On the other hand, the amendments now proposed will in any event require revision of texts and reference works as well as reconsideration by States following the Federal model. If these amendments are to be incorporated in an understandable way, a rule with general discovery provisions is needed. As will be seen, the proposed rearrangement produces a more coherent and intelligible pattern for the discovery rules taken as a whole. The difficulties described are those encountered whenever statutes are reexamined and revised. Failure to rearrange the discovery rules now would freeze the present scheme, making future change even more difficult.

### Table Showing Rearrangement of Rules

| Existing Rule No. | New Rule No. |
|---|---|
| 26(a) | 30(a), 31(a) |
| 26(c) | 30(c) |
| 26(d) | 32(a) |
| 26(e) | 32(b) |
| 26(f) | 32(c) |
| 30(a) | 30(b) |
| 30(b) | 26(c) |
| 32 | 32(d) |

## Rule 26. General Provisions Governing Discovery; Duty of Disclosure

**(a) Required Disclosures; Methods to Discover Additional Matter.**

**(1) Initial Disclosures.** Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(C) a computation of any category of damages claimed by the disclosing party, making available

for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(E) The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):

(i) an action for review on an administrative record;

(ii) a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence;

(iii) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

(iv) an action to enforce or quash an administrative summons or subpoena;

(v) an action by the United States to recover benefit payments;

(vi) an action by the United States to collect on a student loan guaranteed by the United States;

(vii) a proceeding ancillary to proceedings in other courts; and

(viii) an action to enforce an arbitration award.

These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan. In ruling on the objection, the court must determine what disclosures—if any—are to be made, and set the time for disclosure. Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

(2) **Disclosure of Expert Testimony.**

(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

(3) **Pretrial Disclosures.** In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment:

(A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

(B) the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and

(C) an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

past working relationships between the attorney and the client, particularly in handling related or similar litigation; and of course how long the party has to conduct an investigation, either before or after filing of the case. As provided in the last sentence of subdivision (a)(1), a party is not excused from the duty of disclosure merely because its investigation is incomplete. The party should make its initial disclosures based on the pleadings and the information then reasonably available to it. As its investigation continues and as the issues in the pleadings are clarified, it should supplement its disclosures as required by subdivision (e)(1). A party is not relieved from its obligation of disclosure merely because another party has not made its disclosures or has made an inadequate disclosure.

It will often be desirable, particularly if the claims made in the complaint are broadly stated, for the parties to have their Rule 26(f) meeting early in the case, perhaps before a defendant has answered the complaint or had time to conduct other than a cursory investigation. In such circumstances, in order to facilitate more meaningful and useful initial disclosures, they can and should stipulate to a period of more than 10 days after the meeting in which to make these disclosures, at least for defendants who had no advance notice of the potential litigation. A stipulation at an early meeting affording such a defendant at least 60 days after receiving the complaint in which to make its disclosures under subdivision (a)(1)—a period that is two weeks longer than the time formerly specified for responding to interrogatories served with a complaint—should be adequate and appropriate in most cases.

**Paragraph (2).** This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses. Normally the court should prescribe a time for these disclosures in a scheduling order under Rule 16(b), and in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue. In the absence of such a direction, the disclosures are to be made by all parties at least 90 days before the trial date or the date by which the case is to be ready for trial, except that an additional 30 days is allowed (unless the court specifies another time) for disclosure of expert testimony to be used solely to contradict or rebut the testimony that may be presented by another party's expert. For a discussion of procedures that have been used to enhance the reliability of expert testimony, see M. Graham, *Expert Witness Testimony and the Federal Rules of Evidence: Insuring Adequate Assurance of Trustworthiness*, 1986 U.Ill.L.Rev. 90.

Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony, must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor. The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness. Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed. Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Revised subdivision (b)(4)(A) authorizes the deposition of expert witnesses. Since depositions of experts required to prepare a written report may be taken only after the report has been served, the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition. Revised subdivision (e)(1) requires disclosure of any material changes made in the opinions of an expert from whom a report is required, whether the changes are in the written report or in testimony given at a deposition.

For convenience, this rule and revised Rule 30 continue to use the term "expert" to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters. The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702.

**Paragraph (3).** This paragraph imposes an additional duty to disclose, without any request, information customarily needed in final preparation for trial. These disclosures are to be made in accordance with schedules adopted by the court under Rule 16(b) or by special order. If no such schedule is directed by the court, the disclosures are to be made at least 30 days before commencement of the trial. By its terms, rule 26(a)(3) does not require disclosure of evidence to be used solely for impeachment purposes; however, disclosure of such evidence—as well as other items relating to conduct of trial—may be required by local rule or a pretrial order.

Subparagraph (A) requires the parties to designate the persons whose testimony they may present as substantive evidence at trial, whether in person or by deposition. Those who will probably be called as witnesses should be listed separately from those who are not likely to be called but who are being listed in order to preserve the right to do so if needed because of developments during trial. Revised Rule